RAYMOND D. SCHILD, ISB No. 3937
The Boise Law Firm, PLLC
2484 N Stokesberry Pl, Suite 100
Meridian, ID 83646
Telephone (208) 336-1145

Attorneys for the Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER BLESSING, an individual, | ) ) ) Case No. |
| Plaintiff, | ) ) ) |
| vs. | ) VERIFIED COMPLAINT FOR DAMAGES ) AND DEMAND FOR JURY TRIAL ) |
| CITY OF NAMPA, IDAHO, a political subdivision of the state of Idaho, CURTIS HOMER, in his individual capacity and as the CHIEF OF POLICE OF THE CITY OF NAMPA, IDAHO, and DETECTIVE SHEA PHILLIPS, SGT. JAMIE BURNS, and OFFICER M. FOSTER, in their individual capacities and as Officers of the CITY OF NAMPA, IDAHO. | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |

COMES NOW, the above named Plaintiff, CHRISTOPHER BLESSING, (hereinafter, "PLAINTIFF"), and in and for causes of action against the Defendants, as above-identified in the caption to this action, hereinafter referenced within this Complaint as the CITY OF NAMPA DEFENDANTS (hereinafter, "CITY"); or in respect to the individuals, as either individually referenced or collectively identified as ("Individual Named Defendants"); against whom the Plaintiff hereby claims and alleges as follows:

*COMPLAINT – PAGE 1*

# I.

## NATURE OF THE ACTION

1.      This is an action arising under 43 U.S.C. § 1983 for damages for the use of excessive force arising out of an attempted unlawful detention, interrogation or arrest, which claims primarily arise out of the unlawful conduct engaged in by Nampa City Police officers in their use of "excessive force," as based upon their attempted interrogation, detention or arrest of the Plaintiff, as undertaken without a warrant, and in the absence of any exigent or emergency circumstances.

# II.

## PARTIES, VENUE, JURISDICTION

2.      At all times relevant hereto, the Plaintiff was, and is, an individual residing in Ada County, the state of Idaho.

3.      At all times relevant hereto, the Defendant City of Nampa was, and is, a political subdivision of the Idaho of Idaho.  Ida. Const. Art. XVIII; I.C. § 31-116; and I.C. § 6-902.2.

4.      At all times relevant hereto, the Defendant Curtis Homer, in his individual and official capacities was the Chief of Police of the City of Nampa.

5.      At all times relevant hereto, the Defendant Detective Shea Phillips in individual and official capacities was a duly appointed Police Officer of the City of Nampa.

6.      At all times relevant hereto, the Sgt. Jamie Burns in individual and official capacities was a duly appointed Police Officer of the City of Nampa.

7.      At all times relevant hereto, the Officer M. Foster in individual and official capacities was a duly appointed Police Officer of the City of Nampa.

8.      Jurisdiction arises under 28 U.S.C. § 1343.

*COMPLAINT – PAGE 2*

9.      Venue is proper in this court under 28 U.S.C. § 1391 (b) & Idaho Local Dist. Rule 3.1.

**FACTUAL ALLEGATIONS**

10.   On September 19, 2019, at approximately 10:00 p.m., Plaintiff was attacked at the Idaho Center after a concert by a third person and defended himself.

11.   In the ensuing investigation he was detained and questioned by NAMPA POLICE DEPARTMENT DETECTIVE SHEA PHILLIPS, #5243, unit 312 C/O NAMPA POLICE DEPARTMENT, NAMPA POLICE DEPARTMENT SGT. JAMIE BURNS #395, unit 304 C/O NAMPA POLICE DEPARTMENT and NAMPA POLICE DEPARTMENT OFFICER M. FOSTER #398, C/O NAMPA POLICE DEPARTMENT.

12.   During his questioning, he was told to sit on the ground. In response, he stated he would rather stand. He made no aggressive move toward any officer, was polite, and neither used nor threatened any force.

13.   Merely because he did not to the officers' satisfaction follow all of their specific demands and instructions as soon as they believed he should have, he was physically assaulted.

14.   The officers made no further demands or requests, did not warn him that if he did not comply they would take further escalated action.

15.   The officers made no attempt to de-escalate the situation or to get Plaintiff to do as they demanded short of the use of force.

16.   Rather, one or more of the officers, immediately and without warning, tackled Plaintiff with great force and violence and wrestled him to the ground and handcuffed him.

17.   The actions of the Officers injured Plaintiff, causing a head injury, cuts and lacerations, contusions, a broken ankle, scarring, pain and suffering, soft tissue injury, fractures, and other physical, mental, emotional and psychological injuries, as well as violations of his civil and

*COMPLAINT – PAGE 3*

human rights.

18.   Mr. Blessing was transported by Officer Foster and treated at a nearby hospital. His injuries were

the result of the use of excessive and unwarranted and unreasonable force by the officers.

19.   The acts and omissions of the Officers were negligent, wrongful, reckless, willful and/or wanton

in physical and emotional abuse and harm inflicted upon the person of Plaintiff,

20.   As a proximate result of that conduct, Plaintiff has suffered serious and debilitating injuries to his ankle

muscle tissue damage, nerve damage, a significant amount of medical bills and period of

rehabilitation. He has past, present and future physical, psychological, emotional and mental

injury, disability, limitations, pain, suffering, medical bills, loss of earnings, loss of earning

capacity, attorney fees incurred and to be incurred, violation of his legal and constitutional rights,

and other special and general damages.

21.   As a proximate result of said conduct, plaintiff has suffered and/or will suffer damages in the amount of

$500,000.00 or such other amount as is deemed just and equitable.

## COUNT ONE- WRONGFUL SEIZURE OF PLAINTIFF WITHOUT REQUIRED PROBABLE

## CAUSE, 42 U.S.C. 1983

22.   All of the foregoing allegations are incorporated by reference herein as if set out in

full.

23.   On September 19, 2019, Nampa City Police Officers, Phillips, Burns and Foster, in

their individual and official capacities, while acting within the course and scope of their

employment as lawfully employed officers of the Nampa City Police Department, acting under color of

state law, violated the Plaintiff's Fourth and Fourteenth Amendment right under the United States

Constitution to be free from seizure without probable cause.

*COMPLAINT – PAGE 4*

24.     On that date and time, no lawful warrant had been issued by any Idaho magistrate which required the arrest or detention of Plaintiff for the violation of any Idaho criminal statute.

25.     On the basis of the information and knowledge within the possession of said Officers, at the time they attempted to undertake the restraint of Plaintiff for purposes of taking him into custody, sufficient probable cause did not exist which would lead a reasonably prudent person to believe that Plaintiff had committed any criminal offense for which he could be arrested in the absence of a warrant.

26.     The Officers never declared to Plaintiff that they were placing him under arrest, as is required by I.C. § 19-608.

27.     The officers detaining and taking Plaintiff into custody was for further interrogation, instead of complying with the Plaintiff's right to be taken before a magistrate after being arrested without a warrant, as required by I.C. § 19-615.

28.     The warrantless, attempted seizure, undertaken by the Officers without probable cause constitutes a deprivation of Plaintiff's Fourth and Fourteenth Amendment right to be free of unreasonable searches and seizures for which he is entitled to damages under 42 U.S.C. § 1983.

**COUNT TWO- FALSE ARREST, 42 U.S.C. 1983**

29.     All of the foregoing allegations are incorporated by reference herein as if set out in full.

30.     Plaintiff's Fourth and Fourteenth Amendment right to be secure from all unreasonable searches and seizures, has application in the context of all seizures of a person, including event those seizures that may fall short of traditional arrest, such that even if Plaintiff is determined not to have been formally "arrested" at the time the Officers attempted to take him into custody on September 19, 2019, their actions nonetheless constituted an unlawful seizure and arrest of

*COMPLAINT – PAGE 5*

Plaintiff undertaken without the required probable cause in violation of the Fourth and Fourteenth Amendment.

31.     The Officers, tackled, wrestled, used violence upon and severely hit, kicked, grabbed, cuffed, or otherwise used force and violence upon the person of Plaintiff without probable cause and in doing so their actions constituted an unlawful seizure and arrest of Plaintiff.

32.     The Officers placed Plaintiff in handcuffs without probable cause and in doing so his actions constituted an unlawful seizure and arrest of Plaintiff.

33.     In all of these actions, the Officers took Plaintiff into custody without probable cause and in doing so their actions constituted an unlawful seizure and arrest of Plaintiff.

34.     The Officers unlawful seizure and arrest of the Plaintiff Plaintiff constitutes a deprivation of Plaintiff Fourth and Fourteenth Amendment right to be free of unreasonable searches and seizures for which he is entitled to damages under 42 U.S.C. § 1983.

## COUNT THREE- OFFICERS' USE OF EXCESSIVE FORCE- 42 U.S.C. 1983

35.     All of the foregoing allegations are incorporated by reference herein as if set out in full.

36.     In the circumstances of this case on September 19, 2019 when the Officers, acting under color of state law, undertook their investigation into the prior altercation, and based upon the matters known to the Officers, there was no evidence or indication that Plaintiff had committed any offense or wrongdoing, nor that he presented any danger or risk of harm to the Officers or anyone else.

37.     At no time during the entire encounter between the Officers and Plaintiff did he ever physically or verbally threaten those Officers; nor did he pose any immediate threat to the safety of

*COMPLAINT – PAGE 6*

those officers or anyone else.

38.     Neither Officer ever declared that Plaintiff was being placed under arrest, but instead, acting without prior warning, those Officers undertook to seize Plaintiff by the use of physical force and violence, and by the use of extreme, repeated, unnecessary, excessive and brute physical force, and to place Plaintiff in handcuffs, to which Plaintiff did not resist, only declaring his desire to stand rather than sit on the ground while being questioned by the Officers.

39.     The Officers did not have a warrant authorizing an arrest of Plaintiff.

40.     The Officers, as based upon the information they gained from their investigation, did not have probable cause to undertake an arrest of Plaintiff for any criminal offense nor to use any physical force against Plaintiff, and certainly not to use extreme and excessive physical force as was used.

41.     The Officers' actions, without probable cause, constituted an unlawful seizure of Plaintiff and use of excessive force without reasonable cause, necessity, or justification.

42.     The Officers' actions in attempting to seize and arrest Plaintiff were unauthorized and unlawful, and under the circumstances, constituted excessive force, as a matter of law, in violation of Plaintiff's constitutional rights.

43.     The Officers' actions constituted excessive force in violation of 42 U.S.C. § 1983 for which Plaintiff is entitled to damages in an amount to be proven at trial.

## COUNT FOUR- CITY OF NAMPA'S UNCONSTITUTIONAL POLICY AND PRACTICE- 42 U.S.C. 1983

44.     All of the foregoing allegations are incorporated by reference herein as if set out in full.

45.     Defendant City of Nampa, a political subdivision of the state of Idaho and Curtis

*COMPLAINT – PAGE 7*

Homer, in his individual and official capacities as the Chief of Police for the City of Nampa, and Officers Phillips, Burns and Foster, in their individual and official capacities as Officers of the City of Nampa Police department are liable under 42 U.S.C.A. § 1983 because the violations and deprivation of Plaintiff's constitutional rights as alleged herein was inflicted pursuant to an official policies, practices or customs of Defendant City of Nampa.

46.     The violations and deprivation of the Plaintiff's constitutional rights, as alleged herein, was caused in-fact of such policies, practices or customs. The policies, practices or customs were the proximate cause of the injuries sustained by the Plaintiff. The policies, practices or customs reflect a deliberate indifference to the risk that a violation of a particular constitutional or statutory right will result from that policy, practice or custom.  The policies, practices or customs were the "moving force" behind those constitutional violations.

47.     These allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

48.     The City Defendants' unlawful policies, practices or customs constitute a violation or deprivation of Plaintiff's Fourth and Fourteenth Amendment right to be free of the warrantless, attempted arrest, undertaken by the Officers without probable cause which constitutes a deprivation of Plaintiff's Fourth and Fourteenth Amendment right to be free of unreasonable searches and seizures for which he is entitled to damages under 42 U.S.C. § 1983.

49.     The City Defendants' unlawful policies, practices or customs constitutes a violation or deprivation of Plaintiff's Fourth and Fourteenth Amendment right to be free of the Officers unlawful seizure and arrest of the Plaintiff, which constitutes a deprivation of Plaintiff's Fourth and Fourteenth Amendment right to be free of unreasonable searches and seizures for which he is

*COMPLAINT – PAGE 8*

entitled to damages under 42 U.S.C. § 1983.

50.     The City Defendants unlawful policies, practices or customs constitutes a violation or deprivation of Plaintiff's Fourth and Fourteenth Amendment right to be free of the Officers' actions in their unlawful use of tasers and batons which constituted excessive force in violation of 42 U.S.C. § 1983 for which Plaintiff is entitled to damages in an amount to be proven at trial.

51.     The City Defendants' unlawful policies, practices or customs constitutes a violation or deprivation of Plaintiff's Fourth and Fourteenth Amendment right to be free of the Officers' actions in their violence, unlawful use of force, unlawful use of excessive force and unlawful use of the handcuffs on Plaintiff which constituted excessive force in violation of 42 U.S.C. § 1983 for which Plaintiff is entitled to damages in an amount to be proven at trial.

52.     The City Defendants' unlawful policies, practices or customs constitutes a deprivation or violation of Plaintiff Fourth and Fourteenth Amendment right to be free of the Officers unlawful seizure and search of the Plaintiff 's home, which constitutes a deprivation of Plaintiff Fourth and Fourteenth Amendment right to be free of unreasonable searches and seizures for which he is entitled to damages under 42 U.S.C. § 1983.

53.     The City Defendants failed to have in place a policy, practice or custom which addressed each, some, or all, of these identified instances of constitutional deprivations and violations.

54.     The City Defendants had in place a policy, practice or custom which addressed each, some, or all, of these identified instances of constitutional deprivations or violations, but routinely failed to follow those policies.

55.     The Plaintiff is entitled to damages arising out of the conduct of the Defendant City

*COMPLAINT – PAGE 9*

of Nampa as based upon its customs, practices or policies which led to these constitutional violations or deprivations, in an amount to be determined at trial, in addition to the direct damages which arose from the conduct of the individual Officers that inflicted direct injuries upon the Plaintiff.

## COUNT FIVE- CITY OF NAMPA'S NEGLIGENT FAILURE TO SUPERVISE, TRAIN OR DISCIPLINE- U.S.C. § 1983

56.     All of the foregoing allegations are incorporated by reference herein as if set out in full.

57.     Defendants City of Nampa, a political subdivision of the state of Idaho and Curtis Homer, in his individual and official capacities as the Chief of Police for the City of Nampa and Officers, Phillips, burns and Foster (hereinafter collectively referred to as "Defendant City of Nampa") are also liable under 42 U.S.C.A. § 1983 because (1) their training procedures relating to Arrest Procedures and the Use of Excessive Force, and specifically training procedures relating to the use of handcuffs and the use of other physical force at the time Plaintiff's claims arose were inadequate; (2) Defendants were deliberately indifferent to the safety and the constitutional rights of the public in adopting the training policies; (3) the inadequate training directly caused the Plaintiff damages; and (4) the policy, practice or custom was the moving force behind the constitutional deprivations and violations.

58.     These allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

59.     Discovery will reveal a pattern of similar constitutional deprivations or violations by untrained employees in similar circumstances sufficient to demonstrate deliberate indifference to

*COMPLAINT – PAGE 10*

the safety and constitutional rights of the public.

60.     Such a pattern of conduct is not required when it is demonstrated that an officer is so lacking the specific training and tools otherwise required to handle a situation that he or she will predictably and inevitably violate a citizen's constitutional rights when confronted by circumstances that will trigger a use of excessive force.

61.     The Plaintiff is entitled to damages arising out of the conduct of the Defendant City of Nampa and Chief Homer based upon their failure to train and supervise which led to these constitutional deprivations and violations, in an amount to be determined at trial,  in addition to the direct damages which arose from the conduct of the individual Officers that inflicted direct injuries upon the Plaintiff.

**COUNT SIX ATTORNEY FEES 42 U.S.C. § 1988**

62.     All of the foregoing allegations are incorporated by reference herein as if set out in full.

63.     Should the Plaintiff prevail on any or all of his claims brought under 42 U.S.C. § 1983, then he requests the right to seek an award of attorney's fees under I.C. § 42 U.S.C. § 1988 as the prevailing party on those claims.

WHEREFORE, the Plaintiff demands judgment against the Defendants jointly and severally as follows:

(a) For general damages in excess of $10,000.00, believed to be approximately $500,000.00 or such other amount as shall be determined at trial.

(b) For other general and special damages and losses, in an amount to be determined a

*COMPLAINT – PAGE 11*

trial.

      (c) For reasonable attorney's fees and costs as the Court may deem just and proper under 42

U.S.C. § 1983 and 42 U.S.C. § 1988

      (d) For such other and further relief as the Court deems just, equitable, and proper.

### DEMAND FOR JURY TRIAL

      Plaintiff respectfully requests trial by jury of twelve persons as to all issues so triable.

Dated this _19_ day of August, 2021.


                                          Raymond D. Schild
                                          Attorney for the Plaintiff

### VERIFICATION

STATE OF IDAHO  )
                    : ss.
County of Ada     )


      CHRISTOPHER BLESSING, being first duly sworn upon oath, deposes and says:

      That he is the Plaintiff in the above-entitled action; that he has read the foregoing Complaint, knows the contents therefore, and believes that the statements contained therein are true and correct to the best of his knowledge.


CHRISTOPHER BLESSING

*COMPLAINT – PAGE 12*

SUBSCRIBED AND SWORN to before me this _19th_ day of _August_, 2021.

Notary Public residing at _Meridian, ID_
My Commission Expires: _10-21-2022_

**COMPLAINT – PAGE 13**